IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14–42–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DONALD ROSS FOREMAN, | |
| Defendant. | |

Before the Court is Defendant Donald Ross Foreman's Motion for Early Termination of Supervised Release. (Doc. 138.) Mr. Foreman pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 856. (Doc. 119.) On August 13, 2015, Mr. Foreman was sentenced to a term of imprisonment of 120 months with five years of supervised release to follow. (*Id.* at 2–3.) Mr. Foreman began his term of supervised release in December 2022. (Doc. 139 at 3.) As of the date of this order, he has completed approximately 26 months of his five-year term of supervised release.[1] He now seeks termination of the remaining term of supervision. (Doc. 138.) The United States opposes this motion.

---

[1] Defendant incorrectly states that he has been on supervised release for 37 months. (*See* Doc. 139 at 6.)

1

(*Id.* at 2.) U.S. Probation Officer Mike Chism states that Mr. Foreman "has done well" and has had "no non compliance [sic]." (*Id.* at 1.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Foreman began his term of supervised release in December 2022, (Doc. 139 at 3) rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities

2

among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions," which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

Here, Mr. Foreman has served approximately 26 months of his term, and he has had no known violations. (Doc. 139 at 6.) Mr. Foreman has maintained sobriety and is employed as a manager at Town Pump. (*Id.*) Although Mr. Foreman's compliance with the terms of his supervised release is commendable, the Court also hopes and expects that defendants will be compliant. Moreover, the facts underlying Mr. Foreman's conviction—specifically, engaging in a conspiracy to distribute significant amounts of controlled substances from December 2012 to January 2014 and allegedly carrying, brandishing, and making verbal threats with a firearm—remain significant to the Court's analysis. (PSR ¶¶ 14–26, 31.) In consideration of the facts underlying Mr. Foreman's offense and the need to deter future criminal conduct, the Court would like to see Mr. Foreman successfully complete at least 36 months of his supervised release.

Accordingly, IT IS ORDERED that the motion (Doc. 138) is DENIED, subject to renewal upon Mr. Foreman's completion of 36 months of his term of

supervised release.

DATED this 10th day of February, 2025.

_____
Dana L. Christensen, District Judge
United States District Court