IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD ROSS FOREMAN,<br><br>Defendant. | CR 14–42–M–DLC<br><br><br>ORDER |

Before the Court is Defendant Donald Ross Foreman's Motion for Early Termination of Supervision. (Doc. 146.) The United States defers to the discretion of the Court, and United States Probation Officer Ben Cook is neutral on termination. (*Id.* at 2.) The Motion will be granted.

## BACKGROUND

Mr. Foreman pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 856. (Doc. 119.) On August 13, 2015, Mr. Foreman was sentenced to a term of imprisonment of 120 months with five years of supervised release to follow. (*Id.* at 2–3.) Mr. Foreman began his term of supervised release on December 9, 2022. On January 24, 2025, Mr. Foreman moved for early termination of his supervised release (Doc. 138); that motion was

1

denied with leave to refile (Doc. 142). Now, after serving almost 40 months of supervision, Mr. Foreman renews his request for termination of supervised release.

## DISCUSSION

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Foreman began his term of supervision on December 9, 2022, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Foreman's supervised release.  Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Foreman waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Mr. Foreman's supervised release is obviously favorable to him and the United States defers to the Court. (Doc. 146.) Accordingly, the Court will dispose of this matter without a hearing.

the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Foreman's remaining term of supervised release. During Mr. Foreman's 40 months of supervision, he has fully complied with all conditions imposed by this Court. He has remained sober and is currently the manager of Town Pump in Great Falls, Montana. (Doc. 147 at 7.) It appears that Mr. Foreman is highly respected in this role. (*See id.* at 12.) Moreover, Mr. Foreman has accepted responsibility for his actions and is prioritizing restoring relationships with his children and family. (*Id.* at 10.) The Court wishes him luck.

Accordingly, IT IS ORDERED that the Motion (Doc. 147) is GRANTED.

IT IS FURTHER ORDERED that Mr. Foreman's remaining term of

supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 9th day of April, 2026.

_____

Dana L. Christensen, District Judge
United States District Court